

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00039-CR

———————————————

DANIEL CORTEZ, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR14830

---

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Appellant Daniel Cortez pleaded guilty to aggravated sexual assault of a child, a first-degree felony, in exchange for ten years' deferred-adjudication community supervision and a $1,500 fine. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B), (e). Less than a year later, the State moved to proceed to adjudication, alleging four community-supervision violations. Cortez pleaded true to three of the allegations, and the State abandoned the fourth. The trial court accepted the pleas, found the three allegations true, adjudicated Cortez's guilt, sentenced him to 30 years' confinement without orally pronouncing any fines, and assessed in the judgment "Court costs $1085." *See id.* § 12.32 (stating that first-degree felony punishment range is 5–99 years or life and up to a $10,000 fine); *cf.* Tex. Loc. Gov't Code Ann. § 133.102(a)(1) (setting out consolidated court costs of $185 for a felony conviction); *Bradshaw v. State*, 707 S.W.3d 412, 418 (Tex. Crim. App. 2024) (explaining that if the offense was committed before January 1, 2020, but the conviction date was not before January 1, 2020, then court costs of $185 apply). Cortez appealed.

Cortez's appointed appellate counsel has filed a motion to withdraw as counsel and a supporting brief under *Anders v. California*,[1] representing that he has reviewed the appellate record and has "reluctantly conclude[d] that as a matter of professional judgment, the record contains no reversible error." Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record

---

[1] 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967).

demonstrating why there are no arguable grounds for relief. *See In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Counsel has also complied with the requirements of *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014).[2]

Cortez had the opportunity to file a pro se response but has not done so. The State likewise has not filed a response.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record and counsel's brief. Except for a minor correction to the judgment and bill of costs, addressed below, we agree with counsel that the appeal is frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).

The judgment identified "Court costs $1085" but no fine, and no fines were orally pronounced during sentencing. *Cf. Anastassov v. State*, 664 S.W.3d 815, 823 (Tex.

---

[2]Although counsel identified the wrong court of appeals—the Tenth Court of Appeals—to which Cortez should file a pro se response, this court's letters to Cortez have clearly identified that his appeal is pending in this court.

Crim. App. 2022) ("A fine is not a court cost or fee; it is part of the punishment."); *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) (requiring fines to be orally pronounced in the defendant's presence). The bill of costs clarifies that $970.37 of the $1,085 is a "Criminal Fine Fee" carried over from the $1,500 fine assessed as part of Cortez's deferred-adjudication community supervision. Because this fine was not orally pronounced when the trial court proceeded to adjudication and assessed Cortez's sentence, we delete the $970.37 "Criminal Fine Fee" from the $1,085 listed as "costs" in the judgment and from the bill of costs. *See Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.) (en banc).

We grant counsel's motion to withdraw and affirm the trial court's judgment as corrected.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 23, 2025